**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-3155-WJM-CBS

AVERY JAMES KAYTEN, Derivatively on behalf of MOLYCORP, INC.,,

    Plaintiff,

v.

ROSS R. BHAPPU,
MARK A. SMITH,
CONSTANTINE E. KARAYANNOPOULOS,
JAMES S. ALLEN,
MICHAEL F. DOOLAN,
RUSSELL D. BALL,
BRIAN T. DOLAN,
JOHN GRAELL,
CHARLES R. HENRY,
MARK S. KRISTOFF,
ALEC MACHIELS,
MICHAEL SCHWARZKOPF,
JOHN F. ASHBURN, JR.,
JOHN L. BURBA,
RCF MANAGEMENT, LLC,
PEGASUS CAPITAL ADVISOR, L.P., and
TRAXYS NORTH AMERICA LLC,

    Defendants.

---

**ORDER *SUA SPONTE* CONSOLIDATING CASES AND
PERMITTING PLAINTIFF TO FILE A BRIEF ON THE
MOTION TO PROCEED IN ONE JURISDICTION**

---

    This matter is before the Court *sua sponte*.  This case is one of three related cases pending in this District.  The other two cases were previously consolidated and are *Wells v. Smith, et al.*, Case No. 12-cv-447-WJM-KLM (lead case), and *Swaggerty v. Smith et al.*, Case No. 12-cv-589-WJM-KLM.  After careful review of the pleadings in

each of these cases and for the reasons detailed below, the Court concludes that consolidation is appropriate under Federal Rule of Civil Procedure 42(a).

## I.  FACTUAL BACKGROUND

Plaintiff Avery James Kayten filed the instant action on November 20, 2013. (ECF No. 1.)  It is a securities-derivative case brought by Plaintiff on behalf of Molycorp, Inc. in which Plaintiff brings claims for breach of fiduciary duty, unjust enrichment, and corporate waste against Molycorp's board members and executive officers.  (*Id.*)  The Complaint alleges that Defendants deceived investors by issuing materially false and misleading statements concerning Molycorp's financial results and business prospects. (*Id.*)  Plaintiff alleges that these false statements caused Molycorp's stock to trade at an artificially inflated price, which harmed investors and has caused a number of class action lawsuits to be filed against the corporation for securities violations.  (*Id.*)

## II.  ANALYSIS

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ."  Fed. R. Civ. P. 42(a)(2). Under this rule, a district court may consolidate related cases *sua sponte*.  *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999).  The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court.  *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978).  The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."  *Breaux v. American*

*Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (citing 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2nd ed. 1995)).

In the exercise of its discretion under Rule 42(a), the Court must consider both judicial economy and fairness to the parties. *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982). Here, the three cases in question involve essentially identical questions of law, as well as substantially similar facts. Plaintiffs in each of these cases bring identical claims for breach of fiduciary duty, unjust enrichment, and corporate waste. The Defendants are nearly identical in all three cases. Moreover, most of the predicate facts are the same for each of the cases. The Court finds that these facts weigh in favor of consolidation.

Additionally, consolidation of shareholder derivative cases such as this is common where there are overlapping claims and defendants. *See* 8-42 Moore's Fed. Prac.-Civ. § 42.10 ("Courts have found that [shareholder derivative lawsuits against overlapping defendants] frequently share common issues of law and fact regarding allegations of violations of the securities laws despite an awareness that the particulars of each case may differ."); *see also Brown v. Kelly*, 2006 U.S. Dist. LEXIS 89162, at *4 (N.D. Cal. Nov. 27, 2006) (concluding that two cases should be consolidated because they "involve[d] virtually identical factual and legal issues," with the "core issue" in both cases being "whether executives at Chordiant breached their fiduciary duties when they backdated stock options that were granted to them between 2000 and 2002"; also noting that there did not appear to be any "inconvenience, delay, or expense that would result from bringing the cases together"); *Hacker v. Peterschmidt*, 2006 U.S. Dist.

LEXIS 77325, at *10 (N.D. Cal. Oct. 12, 2006) (finding consolidation appropriate because "[t]he four related cases at issue all arise from the same alleged backdating of stock options by Openwave, and allege substantially overlapping causes of action").

Turning to considerations of judicial economy and fairness to the litigants, the Court finds further support for immediate consolidation of these actions. The interest of judicial economy is unquestionably served by consolidation because it will eliminate the need for the Court to address and rule on substantially the same issues in different cases. Similarly, Defendants stand to benefit from responding to filings in only one case. The Court finds that Plaintiff will not be prejudiced, as his claims will remain pending, albeit in a consolidated action.

Accordingly, the Court finds that both judicial economy and fairness weigh in favor of consolidating the above-captioned action with the previously consolidated Molycorp shareholder derivative actions. The Court will therefore consolidate this case under the lead case of *Wells v. Smith*, Civil Action No. 12-cv-447-WJM-KLM.

In the Wells case, the Court has before it Defendants' Motion to Proceed in One Jurisdiction and Dismiss or Stay Litigation in Other Jurisdictions ("Motion") (ECF No. 20), which was remanded by the United States Court of Appeals for the Tenth Circuit (ECF No. 61). The Court has already received post-remand supplemental briefing from the parties. (ECF Nos. 68 & 69.) As disposition of that Motion may impact Plaintiff Kayten and his claims, in the interest of fairness and Due Process, the Court will permit him to file a brief setting forth his position on the Motion. Such brief must be filed no later than December 27, 2013.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. The above-captioned action is *sua sponte* CONSOLIDATED with 12-cv-447-WJM-KLM and 12-cv-589-WJM-KLM;

2. Civil Action No.12-cv-447-WJM-KLM shall be the lead case and all future filings shall be made in this action;

3. This case shall be REASSIGNED to Magistrate Judge Kristen L. Mix; and

4. No later than December 27, 2013, Plaintiff may file a brief setting forth his position on Defendants' Motion to Proceed in One Jurisdiction and Dismiss or Stay Litigation in Other Jurisdictions, which is ECF No. 20 in Civil Action No. 12-cv-447-WJM-KLM.

Dated this 11th  day of December, 2013.

BY THE COURT:

William J. Martinez
United States District Judge